**MOORE et al. v. ROBERTS et al.**

No. 4816.

Court of Civil Appeals of Texas. Texarkana.

Feb. 27, 1936.

Rehearing Denied March 5, 1936.

Pollard & Lawrence, of Tyler, for appellants.

Butler & Price, of Tyler, for appellees.

JOHNSON, Chief Justice.

Appellant W. A. Moore, for himself and as next friend of his minor children named, filed this suit against J. B. Roberts, J. T. Nicholson, and C. C. Crews to recover damages, actual and exemplary, for personal injuries resulting in the death of Mrs. Annie Moore, wife of W. A. Moore and mother of his said minor children, alleged to have been caused by the negligence of defendants in striking Mrs. Moore with a moving truck while the truck was being driven by the defendant Roberts on the streets of the city of Tyler.

Appellee C. C. Crews answered by general denial and specially alleged that the truck involved was not owned or controlled by him; that it was the property of J. T. Nicholson and that said J. B. Roberts, the driver of the truck, was not an employee of him (Crews), but that said Roberts was employed by J. T. Nicholson; that Nicholson was an independent contractor engaged in hauling lumber and material at a contract price of $7 per load, for appellee Crews, from the city of Tyler to Crews' farm near Gladewater; that neither the said Nicholson nor Roberts were employees or servants of appellee Crews.

The defendants Roberts and Nicholson answered by general denial, plea of contributory negligence on the part of Mrs. Moore, and the further plea of unavoidable accident.

At the conclusion of the evidence C. C. Crews moved for an instructed verdict, which request was granted. Plaintiff took a nonsuit as to the defendants Roberts and Nicholson, and appealed from the judgment entered upon the instructed verdict in favor of C. C. Crews.

Appellant's first proposition complains of the action of the trial court in directing a verdict in favor of appellee C. C. Crews, because, it is contended, the evidence raised an issue of fact as to whether the relationship of master and servant existed between the appellee Crews, and the said J. B. Roberts, driver of the truck.

The evidence shows that appellee Crews purchased a portion of the lumber and material in the razing of the old courthouse building at Tyler, Tex. That he wished to have the material hauled to his farm near Gladewater, Tex. That J. T. Nicholson was a hauling contractor in the city of Tyler. That Nicholson, along with other hauling contractors, presented his card to Crews soliciting the contract for hauling the material. That Crews interrogated Nicholson as to what sort of equipment he had for

hauling. Nicholson testified: "I told him (Crews) I had trucks that were equipped to haul anything he wanted to haul, then he said we would have to have a big truck and I told him I had it. When we were talking about the charge for hauling, he asked me how much I could carry on one of those trucks. He told me he wanted me to carry a good-sized load, as much as I could carry, and I told him I would carry one within the size of the law." The testimony further shows that Crews and Nicholson entered into a verbal contract whereby Crews was to pay Nicholson the sum of $7 per load for hauling the material. Nicholson used his own truck. J. B. Roberts was an employee of Nicholson engaged in driving the truck. The evidence is undisputed to the effect that appellee Crews had no right of control with respect to the physical conduct of Nicholson or Roberts in the performance of the undertaking to haul the material which Nicholson contracted with Crews to haul, and that Crews did not undertake to control or supervise the hauling or any of the details thereof.

■■ Appellant bases his contention that the relationship of master and servant is shown by the following statements appearing in the testimony: That Nicholson testified: "He (Crews) did not tell me how many loads he had and said nothing as to what he wanted hauled, only he wanted me to haul all he had. He did not know and did not tell me at the time how much or how many loads he had." That he (Nicholson) "was to haul as many loads as he (Crews) wanted hauled, whether it was one or one hundred." That Nicholson further testified that at the time he and Crews were entering into the contract that: "We were talking about load limits and he said he wanted me to carry a good load, but to carry one inside the law. * * * 'I don't want you to get pinched.'" That Crews stated there would be some negroes who would help Nicholson unload the material. That Nicholson further stated: "If he (Crews) had told me to stop after I had hauled two loads and said he did not want any more, I would have been through." That the defendant J. B. Roberts testified that on one occasion he carried a little load of material down to the farm and that Crews got after him about it and told him not to come back any more until he could get a good load. Both Nicholson and Roberts, as well as Crews, testified that Crews had no control or supervision over the hauling and did not undertake to ex-

ercise such control or supervision with respect thereto. "Master," "servant," and "independent contractor" are defined as follows:

"(1) A master is a principal who employs another to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service.

"(2) A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master.

"(3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking."

■ The testimony is not sufficient to raise the issue that the relation of master and servant existed between appellee Crews and the defendant Roberts, or Nicholson. Carter Publications v. Davis (Tex.Civ. App.) 68 S.W.(2d) 640; Security Union Ins. Co. v. McLeod (Tex.Com.App.) 36 S. W.(2d) 449; Lone Star Gas Co. v. Kelly (Tex.Com.App.) 46 S.W.(2d) 656; National Cash Register Co. v. Rider (Tex.Com. App.) 24 S.W.(2d) 28; Haden Co. v. Riggs (Tex.Civ.App.) 84 S.W.(2d) 789.

■■ Appellant's second proposition contends that it was error to direct a verdict in favor of appellee Crews, because, it is contended, the evidence raised an issue of fact as to whether the appellee Crews was negligent in selecting Nicholson as a contractor to do the work. Appellant bases this contention upon the testimony that Roberts, the man employed by Nicholson as driver of his truck, did not have a chauffeur's license and had no permit from the Railroad Commission, and that the truck was a 1929 model Chevrolet truck and evidence raising the inference that the brakes were not in proper repair at the time of the accident; and that Nicholson had no permit from the Railroad Commission to do hauling as a common carrier.

In support of the proposition, appellant cites Simonton v. Perry (Tex.Civ.App.) 62 S.W. 1090, 1091; 23 C.J. 574; 14 R.C. L. 80. In Simonton v. Perry, supra, it is suggested: "It may be true that if a person employs a negligent or reckless contractor,

 

knowing his character, and in the performance of his contract he negligently or recklessly injures a third person, a cause of action might arise against the owner." In 14 R.C.L. 80, § 18, it is said: "It is often laid down as one of the conditions required to relieve the owner from liability for the negligent acts of an independent contractor employed by him, that he shall exercise due care to secure a competent contractor for the work, and if he fails to exercise such care, he may be liable for the negligent acts of his contractor." This same text further says: "The mere fact that the contractor negligently caused an injury to another affords no presumption that the employer was negligent in his selection of a contractor." Negligence is not to be presumed. It is shown that Nicholson was a hauling contractor operating in the city of Tyler, Tex. Crews had the right, in the absence of any notice to the contrary, to assume that Nicholson was not conducting his business in violation of the law. He made inquiry if Nicholson was properly equipped to perform the contract, and was informed that he was prepared to haul any load "within the law." Reasonable diligence would not require Crews to see that Nicholson had a new truck, nor to have made an examination to determine if the brakes were in proper mechanical condition, and to see that they remained in such condition throughout the performance of the contract. Assuming that the evidence is sufficient to warrant a finding that the brakes were out of repair at the time of the accident, and that Nicholson was negligent in this particular, we do not think such fact would convict him generally of being an incompetent contractor. If the contractor is not an incompetent contractor, the degree of care exercised by the employer in his selection is immaterial. 14 R.C.L. 81, § 18. At any rate, the evidence here presented is insufficient to raise an issue that Crews was negligent in the selection of a contractor.

By his third proposition appellant contends that the court erred in directing a verdict for appellee, because, it is contended, there was evidence sufficient to raise a question of fact as to "whether the work to be done and the manner of doing it was not such as would probably cause injury to third persons, or result in a violation of the law." The basic rule is that an employer is not liable for the acts or omissions of an independent contractor, his subcontractor or servants, committed in the prosecution of the work. An exception to this general rule is present when the project in itself necessarily involves invasion of the rights of another, or the creation of a nuisance, or violation of positive law. 23 C. J. p. 561, § 16. The handling of lumber and material, as here presented, with a motor truck is not in itself that character of an undertaking so hazardous in nature as to impute negligence to him who contracts it to be done. We do not think the evidence is sufficient to raise an issue of fact on which Crews could be held liable under any theory of the case.

The judgment of the trial court will be affirmed.