Thomas Cayce CAGE et al., Appellants,

v.

Wanda CREED et al., Appellees.

No. 3519.

Court of Civil Appeals of Texas.

Waco.

Dec. 12, 1957.

House, Mercer & House, San Antonio, for appellants.

Jenkins & Allen, Waxahachie, for appellees.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiffs brought suit in Ellis County for damages for personal injuries sustained by plaintiff Wanda Creed against defendants Cage, Seldon and Allan, doing business as Cage Brothers, and M. C. Winters. Defendants Cage Brothers filed a plea of privilege to be sued in Bexar County, the county of their residence. Plaintiffs filed a controverting plea asserting venue in Ellis County under Subdivision 9a, Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9a. Trial was before the court, which overruled defendants' plea of privilege. Defendants appeal, contending that the Trial Court erred in overruling and not sustaining defendants Cage, Seldon and

Allan's (doing business as Cage Brothers) plea of privilege.

Plaintiffs alleged that Wanda Creed was injured when the automobile in which she was riding unexpectedly fell into a deep and dangerous excavation across Road 664 in Ellis County. It was further alleged that defendants, acting individually or through their agents, servants and employees, made or caused to be made the excavation incident to construction of a new road, and that defendants were negligent in failing to maintain burning flares and warning signals so as to afford adequate warning of the excavation, and in failing to make proper inspection of the excavation and its immediate surroundings at reasonably frequent intervals. Each of the negligent acts and omissions was alleged to be a proximate cause of the automobile falling into the excavation and the resulting injuries to Wanda Creed.

The evidence showed that an Ellis County highway construction contract was awarded by the State to Cage Brothers, a partnership composed of Cage, Seldon and Allan, which included the work at the excavation on Road 664. The evidence further showed that plaintiff Wanda Creed was a passenger in an automobile driven by Marshall Heatherly; and that the car fell into such excavation on the night of 18 November 1956, causing injuries to Wanda Creed; and that there were no burning flares or other illuminated sign at the place or in the vicinity of the excavation on the night of the wreck.

Defendants Cage Brothers' (Cage, Seldon and Allan) contention is that under Exception 9a, for plaintiff to sustain venue in Ellis County plaintiff must establish: 1) an act or omission of negligence occurred in Ellis County; 2) that such act or omission was that of defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; 3) that such negligence was a proximate cause of plaintiffs' injuries. Defendants further contend that the act of

negligence herein, the failure to place flares and warning signals at the excavation on Road 664, was caused by M. C. Winters and Harold Martin, and that both of them were independent contractors and not agents, servants or employees of Cage Brothers, and that plaintiff failed to establish that Winters or Martin were agents, servants or employees of Cage Brothers. The evidence in the record showed that Winters had an oral subcontract with Cage Brothers to do the excavation work and that Martin dug the excavations on the job.

 As a general rule, an employer is not liable for the negligence of an independent contractor. To this general rule there is, however, a well established exception: In the case of work that is inherently dangerous, one cannot delegate his duty of care, even to an independent contractor, so as to relieve himself of such duty and liability for nonperformance thereof. The Texas cases have uniformly characterized excavations in public roads as "inherently dangerous", and have applied this exception to the general independent contractor rule. Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 1 L.R.A.,N.S., 198; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Randle v. Naugle, Tex.Civ.App., 299 S.W. 297; John F. Buckner & Sons v. Allen, Tex.Civ.App., 289 S.W.2d 387.

In the Anderson case, supra, our Supreme Court expresses the rule thusly:

"As we understand, the general rule is that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter, but to this rule there is a well-marked exception. * * * 'The general rule * * * does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such a case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.'"

 In the case at bar the record establishes that defendants Cage Brothers (Cage, Seldon and Allan) had the contract to construct the road. Even though they let the excavation work out to Winters and Martin as independent contractors, since the work was highway construction work and as such inherently dangerous, defendants cannot delegate their duty of care to the independent contractor; hence the negligence sued on is in fact the negligence of defendants themselves in not providing the flares or in not making the frequent inspections. We think the Trial Court properly overruled defendants' plea of privilege.

The judgment of the Trial Court is therefore affirmed.