**Jerry H. JONES, Appellant,**

v.

**SOUTHWESTERN NEWSPAPERS CORPORATION, Appellee.**

No. 07–83–0299–CV.

Court of Appeals of Texas, Amarillo.

July 10, 1985.

Rehearing Denied July 30, 1985.

Cayton, Gresham & Fulbright, William E. Fulbright, Lamesa, for appellant.

Crenshaw, Dupree & Milam, J. Orville Smith and Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Jerry H. Jones has appealed from a take-nothing summary judgment rendered in his action to hold Southwestern Newspapers Corporation, publisher of The Avalanche-Journal in Lubbock, liable for the personal injuries he sustained as the result of a negligent act by an independent contractor's substitute newspaper carrier. Jones sought to hold the newspaper corporation liable on the theory of negligence in the selection and retention of, or in the failure to train, its negligent carrier, but the corpo-

ration prevailed on the theory that it is not vicariously liable for the torts of the independent contractor-carrier or his substitute. Concluding that on the record before us the corporation did not establish its entitlement to judgment as a matter of law, we reverse and remand.

The newspaper corporation contracted with Richard Harvey as an independent contractor to deliver The Avalanche-Journal to residential subscribers on a fixed route in Lubbock. As a part of his contractual undertaking, Harvey agreed to provide substitute carriers at his expense. A provision of the contract is that it "may be cancelled by either party hereto upon not less than _____ days' notice to the other party."

Harvey delivered the newspapers from a motor vehicle. He habitually drove on the left-hand side, *i.e.*, the wrong side, of the street and threw the newspapers out of the window on the driver's side of the vehicle. Three days prior to Jones' injuries, Harvey engaged Marvin Allen Copaus as his substitute and took Copaus with him over the route, showing Copaus how he, Harvey, usually delivered the newspapers.

On the third day of his engagement, Copaus, driving on the wrong side of the street to deliver the newspapers as Harvey had shown him, struck Jones, who was jogging along the street, from the rear. Jones sustained personal injuries which formed the basis of the action he brought against the newspaper corporation and Copaus to recover damages.

The corporation moved for a severance and summary judgment on the strength of depositions taken, which were alleged to show, as the ground entitling the corporation to judgment, that it had no agency or employee relationship with Copaus, who was the employee of Harvey, an independent contractor. Jones responded, insofar as it is material to this appeal, that the deposition testimony raises fact issues whether the corporation engaged and retained the services of the carriers without properly training them and with knowledge of the negligent manner in which the carriers habitually performed their duties.

Granting the corporation's summary judgment motion, the trial court rendered judgment that Jones take nothing from the corporation, and severed this cause of action. Appealing with two points of error, Jones contends that the court erred in rendering the summary judgment because the deposition testimony leaves unresolved the genuine material issues of fact whether the corporation was negligent in (1) obtaining or retaining the services of Harvey or Copaus, and in (2) failing to properly train them.

At the outset, it should be observed that Harvey unquestionably was an independent contractor who engaged Copaus to deliver the newspapers Harvey had contracted to deliver. We, therefore, cannot subscribe to Jones' second-point contention that the newspaper corporation has a duty to properly train or conduct a safety program for Harvey or his employee Copaus. Jones has not cited us to any case or authority, nor have we found any in our research, imposing that duty in this state. And understandably so, for that duty, involving as it must the control of the manner of performing the independent contractor's undertaking, is repugnant to the status of an independent contractor. It is axiomatic that the employer does not have the right to control the details of the work to be performed by an independent contractor. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 592 (Tex.1964). The second point of error is overruled.

In considering Jones' initial contention that there are fact issues concerning the newspaper corporation's negligence in obtaining or retaining the services of Harvey or Copaus, we begin with the general rule that an employer of an independent contractor does not have a duty to see that the independent contractor performs the work in a non-negligent manner. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). It follows, as another general rule, that the employer is not liable for the negligent acts of the independent contrac-

tor's subcontractors or servants committed in the prosecution of the work. *Moore v. Roberts*, 93 S.W.2d 236, 239 (Tex.Civ.App. —Texarkana 1936, writ ref'd). Yet, a long-recognized, related rule is that an employer has a duty to use ordinary care in employing an independent contractor, and if he knowingly employs a negligent contractor, whose negligence in performing the contract injures a third party, he may be liable. *Id.* at 238–39; *White v. Green*, 82 S.W. 329, 330 (Tex.Civ.App. 1904, no writ); *Simonton v. Perry*, 62 S.W. 1090, 1091 (Tex.Civ. App. 1901, no writ). This rule pertains because an employer cannot relieve himself of liability by contracting with one who is known to negligently perform the work.

According to the deposition testimony, Harvey had delivered The Avalanche-Journal for seven or eight years along different routes under a separate contract for each route. He testified that he always drove on the wrong side of the street to deliver the newspapers, and he did not know any Avalanche-Journal carrier who threw the newspapers from the right side of the street. He named two route managers, the responsibility of whom is to ascertain that the carriers pick up and deliver the newspapers, who had seen him delivering the newspapers under his prior contracts. He also named the present route manager as "probably" seeing him deliver the newspapers under his present contract. The present route manager testified that "I cannot recall ever seeing him do that [driving on the wrong side of the street];" however, the corporation's circulation manager readily conceded that he had observed several carriers habitually drive on the wrong side of the street, and said he would probably not be surprised that either Harvey or Copaus did so. It is without dispute in the deposition testimony that Harvey showed Copaus how to deliver the newspapers by driving on the wrong side of the street, and that in so driving, Copaus drove his vehicle into and injured Jones.

■ A statutorily imposed standard of conduct is that a "vehicle shall be driven upon the right half of the roadway," except in certain situations that are not implicated in this cause. Tex.Rev.Civ.Stat.Ann. art. 6701d § 52(a) (Vernon 1977). An unexcused violation of this statute constitutes negligence per se. *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex.1978); *Hoppe v. Hughes*, 577 S.W.2d 773, 775 (Tex.Civ.App. —Amarillo 1979, writ ref'd n.r.e.).

■ Given this summary judgment record and the applicable principles of law, we hold that Southwestern Newspapers Corporation had the legal duty to use ordinary care so as not to employ or retain an independent contractor-carrier it knew, or should have known, was, either personally or through the substitute(s) he employed, negligent in performing the contract to deliver newspapers. And, viewing the summary judgment evidence in the light most favorable to Jones, as we must, *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 593 (Tex.1975), we further hold that the evidence raises, but leaves unresolved, the material fact issues whether the corporation violated its legal duty by failing to use such ordinary care and, if so, whether such failure was a proximate cause of Jones' injuries.

Because of these unresolved fact issues, the summary judgment rendered is neither authorized by the summary judgment procedure, Rule 166–A, Texas Rules of Civil Procedure, nor proper. *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93, 94 (1954). Jones' second point of error is sustained.

The summary judgment rendered by the trial court is reversed, and the cause is remanded.