**Yvonne G. SANCHEZ, Appellant,**

v.

**MBANK OF EL PASO, Appellee.**

**No. 08–89–00384–CV.**

Court of Appeals of Texas, El Paso.

June 6, 1990.

Rehearing Overruled July 5, 1990.

## OPINION

KOEHLER, Justice.

This is an appeal from a summary judgment granted in favor of MBank El Paso in a suit for damages arising out of the repossession of an automobile owned by the Appellant. We reverse and remand.

On July 12, 1986, two men hired by El Paso Recovery Service came to Appellant's home in a tow truck. They proceeded to hook the tow truck to Appellant's MBank financed 1978 Pontiac Trans–Am automobile parked in her driveway. Appellant, who was in the yard cutting the grass at the time, asked them their purpose and demanded that they cease their attempt to take the automobile and leave the premises. When they ignored her, she entered and locked herself in the automobile in an effort to stall them until the police or her husband could arrive. It was only after

they got the automobile in the street that they identified their purpose. One of the men tried to get Appellant out of the automobile, asked her to get out twice and told her that she would be spending the weekend with their Doberman pinscher guard dog. She refused to get out. They then took the automobile with Appellant locked in it on a high speed ride from her home to the repossession lot where it was parked in a fenced and locked yard with a loose guard dog. She was rescued sometime later by her husband and the police.

Appellant filed suit, alleging that El Paso Recovery Service and its employees were agents and employees of MBank and while acting within the course and scope of their employment, willfully breached the peace in violation of Tex.Bus. & Com.Code Ann. sec. 9.503 (Vernon Supp.1990), causing damages to Appellant. MBank filed its motion for summary judgment on the grounds that El Paso Recovery Service was an independent contractor. Summary judgment was granted on that basis.

■ In Appellant's sole point of error, she avers that the trial court erred in granting the summary judgment in favor of MBank since the breach of the peace violation by the employees of El Paso Recovery Service was imputed to MBank. Though Appellant concedes that the relationship between MBank and El Paso Recovery Service is that of employer/independent contractor and not that of employer/employee, she nevertheless contends the duties imposed by Section 9.503 are nondelegable and therefore, MBank remains liable for the independent contractor's tortious acts. Section 9.503 provides in part as follows:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done *without breach of the peace* or may proceed by action. (Emphasis added).

■ As a general rule, an employer or owner is not liable for the negligent or tortious acts of an independent contractor in prosecuting the work for which he was employed. *Jones v. Southwestern Newspapers Corporation,* 694 S.W.2d 455 (Tex. App.—Amarillo 1985, no writ). There are a number of exceptions to this rule, however. In the Restatement (Second) of Torts, secs. 424, 427 (1965), cited by both parties, two of the exceptions to the general rule that an employer is not liable for the negligent or tortious acts of an independent contractor are (1) where the employer is by statute or administrative regulation under a duty to provide specific safeguards for the safety of others, he is liable to the others for whose protection the duty is imposed for harm caused by the failure of the contractor employed by him to provide the required safeguards (sec. 424), and (2) where the employer employs an independent contractor to do work involving a special or inherent danger to others, he is liable for physical harm to persons resulting from the contractor's failure to take reasonable precautions against the danger (sec. 427).

Texas recognizes these exceptions to the general rule as well as a number of others: *Gulf, C. & S.F. Ry. Co. v. Stephenson,* 273 S.W. 294 (Tex.Civ.App.—Galveston 1925, no writ), where the independent contractor was employed by the railroad to tear out fences along a right-of-way, the railroad, having failed to comply with applicable statutes, was liable for crop damage resulting from livestock entering through fence openings; *Quanah, A. & P. Ry. Co. v. Goodwin,* 177 S.W. 545 (Tex.Civ.App.— Amarillo 1915, writ ref'd), where the railroad had a duty to keep street crossings in repair, the duty could not be shifted to an independent contractor and the railroad remained concurrently liable for the contractor's negligence; *Cage v. Creed,* 308 S.W.2d 78 (Tex.Civ.App.—Waco 1957, no writ), where the employer was liable for the negligence of his contractor in failing to keep burning flares around an excavation on a public road, excavations being deemed inherently dangerous; *Jones,* 694 S.W.2d at 458, where an employer knowingly hires a negligent independent contractor, the employer remains liable for the contractor's negligence.

MBank contends that neither the specific statutory safeguard exception nor the inherently dangerous work or condition exception applies, since the statute in question does not provide for specific safeguards nor is the repossession of property inherently dangerous. While no Texas cases exactly in point have been cited or found, MBank did cite *King v. Associates Commercial Corporation*, 744 S.W.2d 209 (Tex.App.—Texarkana 1987, writ denied), for the proposition that the employer has no duty to supervise the work of an independent contractor or its employees unless the work is "inherently dangerous," the latter term being defined in *Gessell v. Traweek*, 628 S.W.2d 479 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.), as work "which will probably result in injury to a third person or the public." *King* is a repossession case, tried on a negligent hiring theory and decided on the basis that there was no evidence to support the jury's finding of negligent hiring of the independent contractor. After reciting the "inherently dangerous" exception, the Texarkana Court of Appeals makes no further reference to that theory of liability. The possible applicability of Section 9.503 was neither raised nor mentioned, nor was the theory of nondelegable duty.

■ Our analysis of Section 9.503 leads us to conclude that the statute does impose a nondelegable duty on a secured party who wishes to repossess the collateral property without resorting to judicial process, or as it is sometimes termed "self-help repossession," to do so in such a manner as to avoid a breach of the peace. First, the right to take possession of property legally possessed by another person without the need to utilize judicial process is in derogation of the owner's constitutional rights not to be deprived of property except by due process of law. But for the fact that a secured party is given a greater right to possession of the property than the one from whom it is taken, the person taking the property would be guilty of theft. Tex.Penal Code Ann., sec. 31.03 (Vernon 1989). It is therefore a harsh remedy and not being subject to judicial scrutiny, more likely to be abused. Second, the

statute in granting this valuable right, imposes a duty on the secured party to repossess only if it can be done without disturbing public tranquility and order. A breach of the peace, for our purposes synonymous under Texas law with disorderly conduct, is a misdemeanor criminal offense. Tex.Penal Code Ann., sec. 42.01 (Vernon 1989).

We further conclude that there is an element of inherent danger in a nonjudicial repossession. Since there is likelihood that the repossessor will commit a technical trespass by entering upon someone else's property to take possession of the collateral and that the repossession will be done not only without the owner's consent but in many cases against his will, there is a considerable risk that a breach of the peace, assault or worse may occur. If an excavation, properly dug, shored, fenced and lighted, remains inherently dangerous, then a repossession, always bordering on the edge of illegality if not carried out carefully, is also inherently dangerous.

In reaching these conclusions, we are not without support from our sister states. Under uniform commercial code provisions identical to our Section 9.503, the Supreme Court of Alabama and the Court of Appeals of Minnesota have held in fact situations similar to ours that where there was a repossession with an attendant breach of the peace, the duty to refrain from a breach of the peace is nondelegable and the employer cannot escape liability for the tortious performance of the independent contractor. *General Finance Corporation v. Smith*, 505 So.2d 1045 (Ala.1987); *Nichols v. Metropolitan Bank*, 435 N.W.2d 637 (Minn.App.1989). The Minnesota court also held that the employer could be liable if the repossession "created special risks which were inherent in the contemplated work to be performed by ... [the repossession contractor]." 435 N.W.2d at 640.

Appellant's point of error is sustained. Judgment of the trial court is reversed and the cause is remanded for trial.