Perry JEFFERY et al., Appellant,

v.

**ROBERTSON SALES & SERVICE, INC., Appellee.**

No. 11–04–00042–CV.

Court of Appeals of Texas,
Eastland.

Oct. 13, 2005.

Rehearing Overruled Feb. 2, 2006.

Alan Harris, Spencer W. Dobbs, Odessa, Rebecca E. Hamilton, Danielle Anne Boazeman, Sumner, Schick, Hamilton & Pace, Dallas, Steve T. Hastings, The Hastings Law Firm, Corpus Christi, for appellant.

Stephen M. Steen, Jr., Robert E. Motsenbocker, Shafer, Davis, Ashley, O'Leary & Stoker, P.C., Odessa, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

This is an appeal from a take-nothing summary judgment. The lawsuit stems from a one-vehicle wreck involving four people who demonstrated and sold Kirby vacuum cleaners door-to-door and were on their way back from a sales trip. Two of the passengers died as a result of the

accident. Perry Jeffery (the surviving passenger) filed suit against Robertson Sales & Service, Inc.; the Scott Fetzer Company d/b/a the Kirby Company; Samantha Sanchez Ramos (the driver); and Ford Motor Company. Survivors of the two deceased passengers subsequently intervened, asserting claims similar to those of Jeffery. The intervenors were Frankie Silvas; Gloria Vasquez, individually and as next friend of Sonny Silvas, deceased; Natalie Silvas, individually and as representative of the Estate of Sonny Munoz Silvas, deceased, and as next friend of Nia A. Silvas, a minor child; and Jesus Gonzales and Tracy Gonzales, individually and as representatives of the Estate of Chella French Gonzales, deceased. Ramos and Ford settled with the parties after Robertson and Fetzer obtained take-nothing summary judgments. Jeffery and the intervenors appeal, complaining only of the summary judgment in favor of Robertson. We affirm.

Appellants present one issue on appeal. In that issue, they argue that the trial court erred in granting summary judgment because Robertson's motion for summary judgment was defective with respect to the no-evidence grounds and because appellants provided more than a scintilla of evidence regarding duty and control. Robertson filed a motion for summary judgment arguing both traditional and no-evidence grounds.

We will apply the well-recognized standards of review for summary judgment. We must review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003), *cert. den'd*, 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences.

*King Ranch, Inc. v. Chapman, supra; Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX.R.CIV.P. 166a(i); *Wal–Mart Stores, Inc. v. Rodriguez, supra.*

With respect to a traditional motion, a trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes a right to a summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

In their petitions, appellants pleaded both vicarious liability and negligence causes of action against Robertson. Specifically, they alleged that Robertson was responsible for the actions of Ramos, the driver of the car, because she was an employee acting within the scope of her employment with Robertson. They also alleged that Robertson was negligent in failing to investigate Ramos's driving record, in allowing an unsafe driver to transport people selling its product, in promoting unsafe business methods such as long work hours and night travel, in failing to

keep a proper lookout, and in failing to warn.

Robertson moved for summary judgment on the bases that there was no evidence of the following: that Ramos was employed by Robertson; that Robertson owed a duty to the occupants of the car; or that Robertson had any control over the occupants/independent contractors. Robertson also asserted that there was no genuine issue of material fact regarding Ramos's status as an independent contractor and that, as a matter of law, Robertson was not negligent because it retained no control over the details of the work and, thus, owed no duty. The trial court granted the motion without specifying the grounds therefor. Consequently, we must uphold the summary judgment if any of the grounds advanced by Robertson were meritorious. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

First, we find that, under Rule 166a(i), Robertson's motion adequately asserted the no-evidence grounds relied upon by Robertson. *See Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 622–23 (Tex. App.-Eastland 2000, pet'n den'd). Second, appellants admitted in their response to the motion for summary judgment that all four people in the car driven by Ramos were independent contractors and were not employees of Robertson. Based upon appellants' admission of Ramos's status as an independent contractor, summary judgment was proper on the vicarious liability cause of action because there was no evidence that Ramos was an employee of Robertson. Third, the only remaining issue in this appeal is whether appellants brought forth any evidence that Robertson owed a duty to Jeffery and the decedents or whether Robertson proved as a matter of law that it owed no duty.

■ In their response to the motion for summary judgment, appellants asserted that summary judgment was not appropriate because Robertson exercised control over Ramos by controlling the details of her work and because Robertson was negligent in hiring, supervising, and retaining Ramos. Appellants asserted that Robertson had a duty to investigate Ramos's driving history and that Robertson allowed the others to ride with Ramos even after learning of her bad driving habits.

■ The general rule is that an employer of an independent contractor does not have a duty to see to it that the independent contractor performs its work in a safe manner. *Abalos v. Oil Development Company of Texas*, 544 S.W.2d 627 (Tex.1976); *Howarton v. Minnesota Mining and Manufacturing, Inc.*, 133 S.W.3d 820, 824 (Tex.App.-Eastland 2004, no pet'n). However, if the employer retains some control over the manner in which the work is done, a duty may arise as a result of that control. *Hoechst–Celanese Corporation v. Mendez*, 967 S.W.2d 354 (Tex. 1998). The control may be either actual or contractual. *Elliott–Williams Co., Inc. v. Diaz*, 9 S.W.3d 801 (Tex.1999). An employer who retains control over an independent contractor may be liable if the employer does not exercise reasonable care in supervising the independent contractor's activity. *Elliott–Williams Co., Inc. v. Diaz, supra; Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985).

The summary judgment evidence in this case shows that Ramos and the occupants of her car had signed Kirby Independent Dealer Agreements with Robertson to conduct in-home demonstrations of Kirby vacuum cleaners and accessories as independent contractors. Ramos's testimony shows that her job was just to demonstrate the machines. Robertson owned the vacuums and paid Ramos a commission for

each sale. A team of other dealers typically went with her; and, based upon a pyramid-type scheme, she made a commission from their sales too. Although Robertson sometimes set appointments or suggested a good time for registering potential customers, it was not mandatory for Ramos or the other dealers to go to these appointments or to follow Robertson's suggestions. Ramos could pick and choose her crew of dealers from a training class. Ramos's crew typically met at Robertson's office and rode with Ramos. Ramos worked whenever she wanted and wherever she wanted within Robertson's distributorship area. Ramos provided her own car and chose where to go and what routes to drive. She was not reimbursed for mileage, insurance, repairs, or gasoline. On the day of the accident, Ramos had driven her crew to Hobbs, New Mexico, to sell vacuum cleaners. They were on their way back home at the time of the accident.

The summary judgment evidence shows that Ramos had a valid driver's license but that she had had five tickets for speeding or driving at an unsafe speed during the two-and-a-half year period prior to the accident. According to Ramos, Robertson asked for her driver's license upon hiring her, but it did not inquire about her driving record. Ramos stated that Robertson advanced her money to help her get out of jail on one occasion when she was arrested for failing to appear in a traffic ticket case. No evidence showed, however, that Robertson was aware of Ramos's driving infractions.

Although Robertson's owner testified that he exerted no control over the day-to-day activities of the dealers, Jeffery's testimony indicated that Robertson "sent [the dealers] with" dealer counselors, such as Ramos, and that Robertson would not release the vacuum cleaners to Jeffery. The vacuums were released to Ramos.

In their response to the motion for summary judgment, appellants relied only upon Robertson's alleged exercise of control over Ramos to support their contention that Robertson owed a duty in this case.[1] In support of their response, however, appellants presented no more than a scintilla of evidence that Robertson exercised any control over Ramos other than a requirement that the vacuum cleaner demonstrations be conducted in potential customers' homes. *See Read v. Scott Fetzer Company*, 990 S.W.2d 732 (Tex.1998).

In *Read*, the supreme court held that the manufacturer of Kirby vacuum cleaners, a general contractor, exercised control over the independent contractors selling Kirby products because the manufacturer required that the independent contractors conduct in-home demonstrations. *Read v. Scott Fetzer Company, supra*. The manufacturer owed a duty to act reasonably in exercising the control that it retained. *Read v. Scott Fetzer Company, supra*. The court upheld a judgment against the manufacturer after a Kirby dealer with a history of sexual improprieties raped a woman in her home during an in-home demonstration of a Kirby vacuum cleaner. *Read v. Scott Fetzer Company, supra*.

1. We note that appellants produced some evidence showing that Robertson exercised control over dealers like Jeffery. However, appellants did not rely on any retained control over the dealers like Jeffery (as opposed to the dealer counselors like Ramos) in their response to the motion for summary judgment. Consequently, we cannot consider any such contention on appeal. *McConnell v. Southside Independent School District*, 858 S.W.2d 337 (Tex.1993). We also note that the evidence showing extensive control over the dealers could tend to show that these dealers were actually employees rather than independent contractors.

In this case, as in *Read,* the requirement that sales demonstrations be conducted in customers' homes shows control over one aspect of the relationship between Robertson and the independent contractors. However, the exercise of that control does not warrant a finding that any control was retained over Ramos's driving or that Robertson had a duty to investigate her driving record. *See Webb v. Justice Life Insurance Company,* 563 S.W.2d 347 (Tex. Civ.App.-Dallas 1978, no writ); *see also Victoria Electric Cooperative, Inc. v. Williams,* 100 S.W.3d 323, 326–29 (Tex. App.-San Antonio 2002, pet'n den'd); *Moore v. Roberts,* 93 S.W.2d 236 (Tex.Civ. App.-Texarkana 1936, writ ref'd). Driving was not included in the performance of Ramos's contract, and the manner of transportation was her own choice. *See Webb v. Justice Life Insurance Company, supra.* After viewing the summary judgment evidence in the light most favorable to appellants and disregarding all contrary evidence and inferences, we find that there is no summary judgment evidence indicating that Robertson had any contractual or actual control over Ramos, a dealer counselor, that would create a duty with respect to her driving. Consequently, we hold that the trial court did not err in granting Robertson's motion for no-evidence summary judgment.[2] Appellants' sole issue is overruled.

The judgment of the trial court is affirmed.

STRANGE, J., not participating.

---

2. Because we uphold the no-evidence summary judgment, we need not address the issue as it relates to a traditional summary judgment. TEX.R.APP.P. 47.1.