Opinion filed June 8, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 8, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00067-CV 

                                                    __________

 

                                  CLARA GARZA ET AL, Appellants

 

                                                             V.

 

                BOB
BECK D/B/A BOB BECK TUBULAR, INC., Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                              Trial
Court Cause No. A-112,562-B

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This is an appeal from a take-nothing summary
judgment.  Appellants,[1]
who are family members of the victim of a fatal traffic accident, sued various
individuals and entities associated with the wreck including Bob Beck d/b/a Bob
Beck Tubular, Inc. (Beck).  Beck had
hired a trucking company to transport some oilfield equipment.  While in transit, the trailer turned over and
dumped a pump jack onto the highway. 
Gilbert Garza crashed into the pump jack and died instantaneously.  Appellants asserted negligence claims against
Beck.  Beck moved for summary judgment on
both no-evidence and traditional grounds. 
The trial court granted Beck=s
motion.  We affirm.[2]

In their petition, appellants essentially alleged
that Beck was negligent in hiring and in supervising Pumpjacks, Etc.  The elements of a negligence cause of action
are a duty, a breach of that duty, and damages proximately caused by the breach
of duty.   Doe v. Boys Clubs of
Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  The general rule is that a person employing
an independent contractor does not have a duty to see to it that the
independent contractor performs its work in a safe manner.  Abalos v. Oil Dev. Co. of Tex., 544
S.W.2d 627 (Tex. 1976); Jeffery v. Robertson Sales & Serv., Inc.,
182 S.W.3d 65, 67 (Tex. App.CEastland
2005, pet. filed); Howarton v. Minn. Mining and Mfg., Inc., 133 S.W.3d
820, 824 (Tex. App.CEastland
2004, no pet.).  However, if the person
retains either actual or contractual control over the manner in which the work
is done, a duty may arise as a result of that control.  Elliott‑Williams Co. v. Diaz, 9
S.W.3d 801 (Tex. 1999); Hoechst‑Celanese Corp. v. Mendez, 967
S.W.2d 354 (Tex. 1998).  Under the theory
of negligent supervision, a person who employs and retains control over an
independent contractor may be liable for failing to exercise reasonable care in
supervising the independent contractor=s
activity.  Id.; Redinger v.
Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985).  

Under other circumstances, a person who employs an
independent contractor may be liable for the negligent hiring of the
independent contractor.  See King
v. Assocs. Commercial Corp., 744 S.W.2d 209, 213 (Tex. App.CTexarkana 1987, writ denied); Jones
v. Sw. Newspapers Corp., 694 S.W.2d 455 (Tex. App.CAmarillo
1985, no writ); Tex. Am. Bank v. Boggess, 673 S.W.2d 398 (Tex. App.CFort Worth 1984, writ dism=d by agr.); Moore v. Roberts, 93
S.W.2d 236 (Tex. Civ. App.CTexarkana
1936, writ ref=d).  Texas recognizes a duty to use ordinary care
in employing an independent contractor.  Jones,
694 S.W.2d at 458.  One hiring an
independent contractor may be held responsible for the contractor=s negligent acts if the employer knew
or should have known that the contractor was incompetent and a third person was
injured because of the contractor=s
incompetency.  King, 744 S.W.2d at
213; Boggess, 673 S.W.2d at 400.  








In their brief, appellants present twelve
unnumbered issues challenging the summary judgment.  In these issues, appellants specifically
question whether Beck=s
motion for summary judgment addressed all of the causes of action asserted
against Beck, whether Beck satisfied his summary judgment burden, whether the
affidavit was conclusory, whether perjury was assignable to the affidavit,
whether the no-evidence motion was conclusory, whether a trial by affidavit
occurred, whether the requirements and rules for a no-evidence summary judgment
motion were met, whether the violation of a lease constituted proof of
negligence, and whether Beck could avoid liability under federal law by
claiming that the trucking company was an independent contractor.  

We will apply the well-recognized standards of
review for summary judgment.  We must
review a no‑evidence summary judgment under the same standard as a
directed verdict.  King Ranch v.
Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003).  Accordingly, we examine the record in the
light most favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id.; Wal‑Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must grant a proper no-evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact.  Tex.
R. Civ. P. 166a(i); Wal‑Mart, 92 S.W.3d at 506. 

With respect to a traditional motion, a trial
court must grant a traditional motion for summary judgment if the moving party
establishes that no genuine issue of material fact exists and that he is
entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  In order for a defendant to be entitled to
summary judgment, he must either disprove an element of each cause of action or
establish an affirmative defense as a matter of law.  Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  Once the
movant establishes a right to a summary judgment, the nonmovant must come
forward with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678‑79 (Tex. 1979). 
When reviewing a summary judgment, the appellate court takes as true
evidence favorable to the nonmovant.  Am.
Tobacco Co., 951 S.W.2d at 425; Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548‑49 (Tex. 1985).








In his motion for summary judgment, Beck contended
that he was entitled to summary judgment on the negligence claims brought
against him, including negligent hiring and negligent supervision.  Beck=s
contentions with respect to the traditional motion for summary judgment were
based upon the following facts:  he hired
an independent contractor to transport the oilfield equipment; he exercised no
control over the independent contractor or its employees; he had no right to
exercise any such control; and he had no knowledge of any deficiencies on the
part of the independent contractor.  Beck
also asserted that there was no evidence that the independent contractor was
incompetent or that Beck knew or should have known that the independent
contractor was incompetent or inadequately equipped.

Attached to the motion were Beck=s affidavit and excerpts from the truck
driver=s
deposition. This summary judgment evidence showed that Beck hired Pumpjacks,
Etc., an independent contractor, to load and transport some oilfield
equipment.  Other than hiring Pumpjacks,
Etc. to load, transport, and unload oilfield equipment on this and other
previous occasions, Beck had no affiliation with Pumpjacks, Etc. or its driver,
Jesus Natividad Villescaz.  The
uncontroverted summary judgment evidence showed that Beck did not retain the
right to control the work and that he did not in fact exercise any control over
the work performed by Pumpjacks, Etc. and its employees.  The evidence also showed that Pumpjacks, Etc.
had previously transported pump jacks and other oilfield equipment for Beck
without incident.  These facts, as set
forth in Beck=s
affidavit and Villescaz=s
deposition, were not conclusory and were properly considered by the trial
court.  

Appellants responded to Beck=s motion and objected to Beck=s affidavit.  Appellants attached summary judgment evidence
such as a contract between third parties for the plugging of the wells and some
deposition excerpts.    However, none of
appellants= summary
judgment evidence raised a genuine issue of material fact as to Beck=s duty or his knowledge of the
incompetence of Pumpjacks, Etc.








There was no summary judgment evidence indicating
that Pumpjacks, Etc. was anything other than an independent contractor or that
Beck was negligent in hiring Pumpjacks, Etc. 
Pumpjacks, Etc. was not a party to the agreement that was allegedly
violated.  Furthermore, contrary to
appellants= final
contention, federal law under the Interstate Common Carrier Act[3]
was not applicable to this case because it did not involve an interstate
carrier or a leased truck.  See
generally Morris v. JTM Materials, Inc., 78 S.W.3d 28, 38-39 (Tex. App.CFort Worth 2002, no pet.). 

We have considered all of appellants= issues, and each is overruled.  We hold that Beck was entitled to summary
judgment as a matter of law on both the negligent hiring and the negligent
supervision causes of action.  With
respect to the negligent supervision cause of action, the summary judgment
evidence established that Beck hired an independent contractor and that Beck
had no duty with respect to and no control over the independent contractor=s work. 
With respect to the negligent hiring cause of action, there was no
evidence to support the element of that cause of action regarding Beck=s knowledge or imputed knowledge of the
independent contractor=s
incompetence.  

The judgment of the trial court is affirmed.

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

June 8, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and McCloud, S.J.[4]











[1]Appellants are Clara Garza, individually and on behalf
of the Estate of Gilbert Garza, deceased, and as next friend of Morgan Alyse
Garza and Sierra Jane Garza, minors; Briana Rae Garza, individually and as the
child of Gilbert Garza, deceased; and Juanita Villarreal Garza, individually.





[2]The trial court entered an order severing appellants= claims against Beck from those against the other
defendants. Consequently, any claims against the remaining defendants are not
at issue in this appeal.  





[3]See 49 U.S.C. ' 14.102. 





[4]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.