INTERNATIONAL SECURITY LIFE INSURANCE CO., Appellant,

v.

Walter HENDERSON et ux., et al., Appellee.

No. 4867.

Court of Civil Appeals of Texas, Waco.

Jan. 29, 1970.

Rehearing Denied Feb. 26, 1970.

Strasburger, Price, Kelton, Martin & Unis, Royal Brin, Jr., Dallas, for appellant.

Dunnam, Dunnam, & Dunnam, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivisions 9a and 23, Article 1995 Vernon's Ann.Tex.St. Plaintiffs Walter Henderson, et al, filed this suit in Hill County, against defendants George MacDonald and International Security Life Insurance Company, alleging that plaintiffs were injured when the automobile in which they were riding was struck in Hill County, by an automobile driven by MacDonald; that MacDonald was guilty of negligence proximately causing plaintiffs injuries; that MacDonald was on the occasion, an agent of International acting in the course and scope of his employment. International filed plea of privilege to be sued in Dallas County, the county of its residence. Plaintiffs controverted, asserting venue in Hill County by virtue of Sections 9a and 23, Article 1995, VATS; that this suit is based on negligence occurring in Hill County; that such negligence was that of MacDonald who at the time was the agent of International acting in the scope of his employment; and that International is a private corporation, and the cause of action against it arose in Hill County.

Trial was before the court without a jury which, after hearing, overruled International's plea of privilege.

International appeals on 5 points, contending the trial court erred in overruling its plea of privilege because:

1) Plaintiffs failed to establish venue in Hill County under Subdivisions 9a or 23

2) Plaintiffs failed to establish that MacDonald was a servant or employee of International

3) Plaintiffs failed to establish that MacDonald was acting in the scope and course of his employment.

The record reflects that MacDonald was guilty of negligence in Hill County, which was a proximate cause of a collision with plaintiffs and their resulting injuries.

International asserts that while MacDonald was a life insurance agent for them, he was an independent contractor, rather than a servant, agent or representative contemplated under Subdivision 9a, or required to give rise to a cause of action under Subdivision 23.

The evidence shows that MacDonald was employed by International; that he did not sell insurance for any other company; that prior to the collision MacDonald had been to Houston to sell insurance for International; that at the time of the collision he was en route to his home in Hurst, Texas from Houston; that he was traveling on the Houston to Hurst route; that MacDonald picked up leads from International's office on Mondays; that he carried applications and policy information in his car; that he held himself out as a representative of International; that he signed applications as the agent of International; that he collected premiums for International; that he had authority to sign International's name to checks; that he was expected to see the people whose names were furnished; that he worked exclusively for International; that he had

signed a contract with International, but did not know "exactly what it was."

Our Supreme Court held in Taylor, B. & H. R. Co. v. Warner, 88 Tex. 642, 32 S.W. 870: "Every person who is found performing the work of another is presumed to be in the employment of that person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work; it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist."

■ The evidence shows MacDonald was working for International. Thus, plaintiffs met their burden of proving the master-servant relationship. The burden of proving the relationship of independent contractor rather than that of master and servant was upon International. Commercial Credit Co. v. Groseclose, Tex.Civ. App., Er.Dism. 66 S.W.2d 709; Glazier v. Roberts, Tex.Civ.App., (NWH), 108 S.W. 2d 829; Gibson v. Gillette Motor Trsp. Tex.Civ.App., Er.Ref. 138 S.W.2d 293; Tracy v. King, Tex.Civ.App., (NWH), 249 S.W.2d 642; Hamilton v. Fant, Tex. Civ.App., (NWH) 422 S.W.2d 495; 30 T.J.2d 495; Newspapers Inc. v. Love, Tex. 380 S.W.2d 582; Stafford v. Thornton CCA (NRE) 420 S.W.2d 153, 159.

MacDonald had a contract of employment with International, but International did not produce such contract.

■ We think the record sufficient to support the implied findings of the trial court that MacDonald was a servant of International; that he was not an independent contractor and that he was in the course and scope of his employment on the occasion of the accident.

International's points and contentions are overruled.

Affirmed.

WILSON, Justice (dissenting).

I respectfully dissent. The record in this case negatives and destroys the essential element of agency.

If the evidence could be said by any extreme construction to raise a presumption of agency (by the mere fact that the driver of his own automobile at times solicited insurance applications for the insurance company, and at the time of the accident had application forms and sales material of the company in his car), that presumption was rebuttable, and when rebutted, as it was here, the presumption vanishes and raises no issue of fact. Mitchell v. Ellis, Tex.Civ. App., 374 S.W.2d 333, 335, writ refused.

As in the dissent in Great National Life Insurance Co. v. Chapa, Tex.Civ.App., 373 S.W.2d 280, 283, id., (Tex.Sup.1964) 377 S.W.2d 632, where there was a similar question in a plea of privilege case, there is here no vicarious liability of appellant for the independent tort of MacDonald.

MacDonald had been to Houston where he spent two or three days selling insurance. He was an independent commission salesman, taking applications for appellant's policies. He was paid no salary; he was paid no bonus, mileage or traveling expense; he furnished his own car in which appellant had no interest and paid for his own gasoline. He attended no sales meetings. Appellant made no withholding deduction for income tax or social security from his commission check, gave MacDonald no instructions as to where to sell, who to sell, or how, where, or when to drive. It was immaterial to the company whether MacDonald even used an automobile. It designated no route for him to travel; he selected his own. He went by the company's Dallas office once each week where he was furnished "leads", which he could follow up or not as he chose, and he was not required to report his use or the results of these leads. He was not required to go to the office, and did not "operate out of the office". He paid the company for "leads" resulting in sales.

He signed a contract with appellant but was "not sure exactly what it was" except he "knew what percentage" he was to receive. He was simply, as he said, "self-employed", an "independent insurance commission agent". He was his "own boss".

On the occasion of the accident MacDonald was on his way home from Houston to Hurst in Tarrant County. He "cut off from that route" he usually took in order to come through Hillsboro to visit his father-in-law, after which he planned to continue to Hurst. He was not going to Hillsboro to "sell insurance or solicit". No prima facie case of agency having been presented, it would be anomaly to hold there was a presumption, or that appellant had a burden under Art. 1995.

· The evidence does not raise the agency issue. I would reverse. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 376, 107 A.L.R. 409.