INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Petitioner,

v.

Walter HENDERSON et al., Respondents.

No. B-2061.

Supreme Court of Texas.

June 10, 1970.

Rehearing Denied July 15, 1970.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for petitioner.

Dunnam, Dunnam & Dunnam, Fred Horner, Waco, for respondents.

PER CURIAM

This is a venue case of which we have jurisdiction under Sections 1 and 2 of Article 1728, Vernon's Texas Civil Statutes Annotated.

As a result of an automobile accident in Hill County, Walter Henderson and others brought suit in Hill County against George McDonald and International Security Life Insurance Company. McDonald was the owner and driver of the car which struck the plaintiffs. The insurance company was made a defendant on the basis of respondeat superior; i. e., that McDonald was its agent.

The insurance company filed its plea of privilege to be sued in the county of its home office, Dallas County. The plea was overruled, and the Court of Civil Appeals sitting at Waco affirmed, one justice dissenting. 450 S.W.2d 758.

The facts with regard to McDonald's relationship to the insurance company are set out in the opinion of the Court of Civil Appeals, and with particularity in the dissenting opinion; and they need not be repeated here. While McDonald was an agent for the insurance company for the purpose of soliciting life insurance for it, the company is not liable for damages caused while McDonald was operating his automobile, under the decisions of this Court in American National Life Insurance Company v. Denke, 128 Tex. 229, 95 S.W. 2d 370 (1936), and Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952).

Because of the conflict of the decision of the Court of Civil Appeals in this case with the opinions of this Court in the *Denke* and *Burt* cases cited just above, we are authorized under Rule 483, Texas Rules of Civil Procedure, to reverse the judgment of the Court of Civil Appeals without the necessity for granting the writ of error. Accordingly, the judgments of the courts· below are reversed, and the cause is re-manded to the district court for further proceedings under Rule 89, Texas Rules of Civil Procedure; that is, the trial court is directed to enter an order of severance and to transfer the cause as to the insurance company to Dallas County; and the trial court's clerk shall prepare the record as provided in Rule 89.

The judgments of the courts below are reversed, and the cause is remanded to the district court with the above instructions.