**Benita Stephens WEBB et al.,
Appellants,**

v.

**JUSTICE LIFE INSURANCE COMPANY
et al., Appellees.**

**No. 19402.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 14, 1978.

John S. Walker, Center, for appellants.

Michael R. Knox, Thompson, Coe, Cousins & Irons, Dallas, Otto A. Ritter, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellees.

GUITTARD, Chief Justice.

Benita Stephens Webb sued two life insurance companies for death of her husband allegedly caused by the negligent driving of defendants' soliciting agent, Huie Andrew Spears. Defendants moved for a summary judgment on the ground that Spears was an independent contractor. The court granted the motion, and plaintiff appeals, contending that fact issues are raised as to whether Spears was on a special mission as an employee of defendants on the occasion in question and as to whether defendants were negligent in failing to discover that he was an incompetent or careless driver. We hold that no fact issues are raised in these respects and, accordingly, we affirm the summary judgment for defendants.

The record is clear that the general relationship of Spears to defendants was that of an independent contractor. The summary judgment proof, which includes Spears' deposition and certain documentary evidence, shows that Spears was working under a written contract, signed in 1959, providing for his employment on a straight commission basis to solicit business and write applications for insurance. He worked out of his home and was never required to report in person to defendants' Dallas offices. He used and maintained his own automobile and was not reimbursed for gasoline or other travel expenses. Defendants in no way controlled the details of his work, and only occasionally provided him with names of potential clients, which he was at liberty to disregard. Thus, the evidence shows as a matter of law that he was not an employee under defendants' control. *International Security Life Insurance Co. v. Henderson,* 455 S.W.2d 200 (Tex.1970).

As evidence of a special mission rendering this general rule inapplicable, plaintiff relies on a letter written to Spears by one Stallings, a representative of defendant Justice Life Insurance Company. This let-

ter advised Spears that the amount of the premium he had collected from a certain policyholder had been incorrectly calculated and suggested that he explain the mistake to her. Since the full amount of the premium had been charged to Spears, the small difference to be collected would have been Spears' own money. He was on his way to see this policyholder when the collision in question occurred.

■ We find nothing in the letter from Stallings that would change the status of Spears to that of an employee under the special control of the defendant insurance company. The letter does not direct when he should make the visit or how he should travel or any other details of the mission. The only direction concerns the ultimate result, correction of the mistake concerning the amount of the premium. Thus, the case differs from that before this court in *Clark v. Texaco, Inc.,* 382 S.W.2d 953 (Tex.Civ. App.—Dallas 1964, writ ref'd n. r. e.). That decision rests on evidence that the defendant's representative was present at the alleged independent contractor's place of business and was personally giving instructions concerning the contractor's activities in testing the vehicle involved in the collision shortly before the collision occurred.

■ We recognize that under some circumstances, an employer may be held liable for negligence in selecting an incompetent independent contractor. *See generally* Annot., 78 A.L.R.3d 910 (1977). The rule is stated in Restatement (Second) of Torts, § 411 (1965):

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor:

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons.

The present case does not fall within this rule because Spears was not employed to do any work which would involve the risk of physical harm, and neither was he employed to perform any duty that defendants owed to third persons. He was employed to sell insurance, an activity that involved no risk of physical harm to plaintiff's husband or anyone else. His choice of transportation was his own. He could have performed his contract on foot, by employing someone to drive for him, or even by telephone or by mail. Only if performance of his contract had included driving an automobile were defendants required to investigate his competency to drive.

The rule formulated in the Restatement is supported by *Moore v. Roberts,* 93 S.W.2d 236, 238–39 (Tex.Civ.App.—Texarkana 1936, writ ref'd). There a contract for hauling materials contemplated that the contractor would use his own truck. The employer's duty of care was held sufficiently discharged by an inquiry as to whether the contractor was competent to perform the contract and was held not to include a particular inquiry as to whether a driver employed by the contractor had a chauffeur's license or whether the brakes of the truck were kept in good working order. The court said that the contractor's negligence in these respects would not establish that he was not a competent contractor. The rationale of the opinion appears to be that since the employer used sufficient diligence to determine that the contractor was generally competent to perform the work he was employed to do, the employer had no responsibility for incidental matters within the contractor's exclusive control.

The present case differs from *Moore* in that defendants here did not contract with Spears to operate a vehicle, but only to sell insurance. Consequently, they did not have even a general duty to inquire into his competency to drive.

Affirmed.