## LEGAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

## Teresa F. TREVINO and Robert Trevino, Appellees.

### No. 16353.

Court of Civil Appeals of Texas, San Antonio.

Nov. 21, 1979.

Rehearing Denied Jan. 16, 1980.

John W. Hicks, Jr., Allen W. Kimbrough, Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, for appellant.

Grady L. Roberts, Jr., John W. Gilboux, Pearsall, for appellees.

## OPINION

MURRAY, Justice.

The Legal Security Life Insurance Company, appellant, appeals from the denial of a plea of privilege to be sued in Wichita County, the county of its residence. Teresa F. Trevino and Robert Trevino, appellees, brought this action in Frio County against Jesse B. Sanchez and Legal Security Life Insurance Company alleging, among other things, violations of the Deceptive Trade Practices—Consumer Protection Act. We affirm the action of the trial court.

Appellees' original petition alleges that on November 6, 1978, Sanchez called on appellees at their home in Frio County, and while in the course and scope of his employment as an agent for appellant, secured from appellees an application for a hospitalization insurance policy. It is further alleged that Sanchez represented to appellees that the policy was effective immediately. At trial, Mrs. Trevino testified that she gave Sanchez a check for one month's premium. In January, 1979, appellees' son was injured, and appellees allege that as a result of this injury they incurred medical expenses in excess of $3,500. In their pleadings, appellees complain of appellant's refusal to honor their claim for medical expenses.

Appellant introduced into evidence a certificate of the Commissioner of Insurance of the State Board of Insurance. Attached to the certificate are eight certified copies of "Appointment of Licensed Agent" applications filed with the State Board of Insurance by eight insurance companies, including appellant, appointing Sanchez to solicit insurance. The certificate recites that Sanchez is licensed under the provisions of Article 21.07–1 of the Texas Insurance Code as a legal reserve life, health and accident insurance agent. The certificate further states that the license issued to Sanchez grants him the authority to solicit life, health and accident insurance for the companies which have appointed him as their agent. The receipt given by Sanchez to appellees provides in part: "[n]o liability is created or assumed by the Company until the policy applied for has been issued, and delivered to Insured while all applicants are alive and in good health." It is undisputed that the appellant rejected the application and did not issue a policy.

At the time this suit was filed, Section 17.56 of the Deceptive Trade Practices—Consumer Protection Act provided in part: "[a]n action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought . . . has done busi-

ness." Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp. 1978–1979) (amended 1979). Appellant initially contends that the evidence did not establish that it had done business in Frio County, Texas.

In support of its contention, appellant relies on Article 21.04 of the Texas Insurance Code which provides in pertinent part: "[a]ny person who shall solicit an application for insurance upon the life of another shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company . . . ." Tex.Ins. Code Ann. art. 21.04 (Vernon 1963). Appellant argues that since no policy was issued Sanchez was not its agent. Therefore, appellant could not properly be held to have done business in Frio County based upon the conduct of Sanchez. We think that appellant's reliance on Article 21.04 is misplaced.

The original version of Section 17.56 of the Deceptive Trade Practices—Consumer Protection Act provided in part that venue was proper in the county in which the person against whom suit was brought was "doing business." *See* 1973 Tex.Gen.Laws, ch. 143, § 17.56, at 331. By substituting "has done business" for "doing business" the legislature intended to facilitate suits against defendants who have "engaged in any kind of business transaction . . . in a particular county." Comment, *What Hath the Legislature Wrought? A Critique of the Deceptive Trade Practices Act as Amended in 1977,* 29 Baylor L.Rev. 525, 540 (1977). Appellant appointed Sanchez as its agent for the purpose of soliciting insurance. Sanchez solicited insurance for appellant in Frio County, Texas. We hold that appellant "has done business" in Frio County for the purpose of maintaining venue under Section 17.56.

Appellant offers the following additional argument in support of its contention that it has not done business in Frio County: 1) an insurance company is not liable for the torts of its soliciting agent; 2) any tortious misrepresentations made by Sanchez were not made in the course and scope of his employment as an agent for appellant; 3) therefore, appellant has not done business in Frio County for the purpose of maintaining venue under Section 17.56. The cases cited by appellant stand for the proposition that an insurance company is not liable for the negligence of its soliciting agents in driving an automobile unless the employer exercises control over the physical details of its agents' movements while they are soliciting applications. *See International Security Life Insurance Co. v. Henderson,* 455 S.W.2d 200, 201 (Tex.1970) (per curiam); *Webb v. Justice Life Insurance Co.,* 563 S.W.2d 347, 348–49 (Tex.Civ.App.—Dallas 1978, no writ). The court in *Henderson* stated that while a soliciting agent is an agent of an insurance company for the purpose of soliciting insurance for it, the company is not liable for damages caused by a soliciting agent while operating his automobile. *See International Security Life Insurance Co. v. Henderson,* 455 S.W.2d 200, 201 (Tex.1970) (per curiam). The cases cited by appellant are therefore unhelpful in determining whether it has done business in Frio County for the purpose of maintaining venue there.

■ By its second point of error, appellant contends that the trial court erred in overruling its plea of privilege because appellees failed to allege a cause of action under Section 17.50 as required by the applicable venue provision of the Deceptive Trade Practices—Consumer Protection Act. *See* Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1978–1979) (amended 1979). In support of this contention appellant argues that Sanchez, in his capacity as soliciting agent, had no authority to sell policies or represent to appellees that the coverage became effective immediately. Appellant concludes that since Sanchez had no authority to bind it, appellee's petition did not allege a cause of action against appellant.

Appellees' original petition alleges various misrepresentations which are claimed to constitute violations of the Deceptive Trade Practices—Consumer Protection Act. The pleadings further allege that Sanchez made the misrepresentations while in the course

and scope of his employment for appellant. We hold that the alleged cause of action is sufficient for the purpose of maintaining venue under Section 17.56. *See Dairyland County Mutual Insurance Co. v. Harrison,* 578 S.W.2d 186, 189 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (court can look to pleadings to determine whether cause of action comes within purview of section 17.50). The question whether Sanchez had authority to make representations should properly be reserved for the trial on the merits.

The judgment of the trial court is affirmed.