**MILE HIGH EQUIPMENT COMPANY, Appellant,**

v.

**Harold P. RIDER, Appellee.**

No. 1433.

Court of Appeals of Texas, Tyler.

Sept. 10, 1981.

Melvin R. Wilcox, John M. Smith, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellants.

T. G. Davis, Carthage, for appellee.

OPINION

SUMMERS, Chief Justice.

This is an appeal from an order overruling the plea of privilege of Mile High Equipment Co. (Mile High), appellant.

1. All statutory references are to Tex. Rev. Civ. Stat. Ann. unless otherwise noted.

Harold P. Rider (Rider), appellee, sued Mile High and Curtis Lewallen (Lewallen), d/b/a Commercial Ice Machine Co., in Panola County alleging breaches of express and/or implied warranties in violation of the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA), Tex. Bus. & Com. Code Ann. § 17.41 *et seq.*[1] Both defendants filed pleas of privilege to be sued in their respective counties of residence. Both pleas were duly controverted and, after a hearing, were overruled by the trial court. From this ruling Mile High has appealed.

We affirm.

Mile High is a manufacturer of Ice-O-Matic Commercial Ice Machines (hereinafter referred to as "cubers"). Lewallen has a distributorship agreement with Mile High to sell these cubers.

In July of 1977, Rider and Lewallen began negotiations in Ector County (Lewallen's residence) and in Panola County (Rider's residence) for the sale and purchase of an ice-making facility or plant. The plant, which was eventually sold to Rider, included a cold storage building, conveyor belts, ice packing equipment, storage bins and six cubers. Only the cubers were Mile High products. They were manufactured in Mile High's Denver, Colorado plant and shipped to Lewallen's subcontractor, James Ray, in Grayson County. Ray assembled the ice plant and sold it to Lewallen. The plant was then transported from Grayson County to Rider in Panola County and installed there by Lewallen's employees.

During negotiations leading to the sale of the plant, Rider contends that Lewallen and his representatives expressly and impliedly represented that the Mile High cubers were capable of producing a minimum of six thousand pounds of ice per day, and that such volume would be sufficient for Rider's operation of an economically feasible wholesale ice operation in Panola County. Based on these and other representations, Rider

was allegedly induced into purchasing the ice plant. When the ice plant failed to produce the above-mentioned quantity, Rider filed suit against Mile High and Lewallen.

 Rider, in his controverting plea, alleged that venue was maintainable in Panola County under subdivisions 3, 4, 5, 7, 15, 23, 27, 29a and 31 of art. 1995 and section 17.56 of the DTPA. The trial court in its order overruling Mile High's plea of privilege did not state under which of these exceptions venue was maintainable in Panola County. Moreover, we are without the benefit of findings of fact or conclusions of law. In such an instance, it is presumed on appeal that all fact issues which the pleadings and evidence will support were resolved in favor of the court's order. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). Furthermore, the trial court must be sustained on any legal theory supported by the record. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968).

In its tenth point of error, Mile High urges us to reverse the trial court's ruling and hold there is no evidence to support a finding that venue was maintainable in Panola County under section 17.56 of the DTPA.

At the time the suit was filed,[2] venue under section 17.56 of the DTPA provided:

> An action brought which alleges a claim for relief under section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.

Where the basis of venue is predicated on the allegation that the defendant had done business in the county, as is the case here, our courts have interpreted this special venue statute to mean that the plaintiff is required only to allege a cause of action under the DTPA and prove that the defendant has done business in the county of suit. *Legal Security Life Ins. Co. v. Trevino*, 594 S.W.2d 481 (Tex.Civ.App.–San Antonio), writ ref'd n.r.e. per curiam, 605 S.W.2d 857

(Tex.1980); *Walsh Co. v. Manning*, 609 S.W.2d 636, 638 (Tex.Civ.App.–Tyler 1980, no writ); *Dairyland County Mutual Ins. CO. of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ).

There is no dispute in the instant case concerning Rider's allegation of a cause of action under the DTPA. The main point of contention is whether Rider pled and proved at the venue hearing that Mile High had done business in Panola County. We believe there is ample evidence in the record to support a finding that an agency relationship existed between the manufacturer, Mile High, and its distributor, Lewallen. Based on this finding, the trial court was correct in holding that Mile High had done business in Panola County. Mile High's tenth point of error is overruled.

Inasmuch as we have held that the trial court did not err in holding that venue was properly laid in Panola County pursuant to section 17.56 of the DTPA, we do not reach appellant's remaining points of error.

The judgment of the trial court is affirmed.