607 A.2d 1089

**Richard David LUTZ, Appellant,**

**v.**

**Paul CYBULARZ and Deborah Cybularz, h/w and Philadelphia Newspapers, Inc., a Pennsylvania Corp., d/b/a the Philadelphia Inquirer.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed April 30, 1992.

580

Stephen David, Philadelphia, for appellant.

Craig L. Thorpe, Chief Asst. City Sol., for Philadelphia Newspapers, appellee.

Deborah and Paul Cybularz, pro se.

Before DEL SOLE, HUDOCK, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated July 22, 1991, granting summary judgment in favor of appellee Philadelphia Newspapers, Inc. ("PNI"). Appellant Richard David Lutz ("Lutz") argues that the trial court improperly granted summary judgment because issues of fact exist as to whether Paul Cybularz ("Cybularz") was an agent of PNI

and as to whether PNI was negligent for failing to determine if Cybularz was insured or licensed to drive. For the reasons that follow, we affirm.

The underlying action arose when appellant was injured in an automobile accident with Cybularz. Cybularz delivered several newspapers including The Inquirer, a newspaper distributed by PNI. Appellant filed a complaint against Cybularz and PNI seeking compensation for his injuries. In his complaint against PNI, appellant asserted theories of vicarious liability and negligent hiring. PNI filed a motion seeking summary judgment which was granted. The trial court found that Cybularz was an independent contractor and therefore PNI was not responsible for any accidents Cybularz had while making deliveries. The court further determined that PNI was not negligent for failing to ensure that he had a driver's license and insurance. This timely appeal followed.

■ Our standard of review of an order granting summary judgment is well-settled. Summary judgment may properly be entered only if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Pa.R.Civ.P. 1035(b).

> The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. Summary judgment may be entered only where the case is free from doubt. *Hower v. Whitmak,* 371 Pa.Super. 443, 445, 538 A.2d 524, 525, *allocatur denied,* 522 Pa. 584, 559 A.2d 527 (1988). In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the non-moving party. Any doubt must be resolved against the moving party. *French v. United Parcel Service,* 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140–41, 476 A.2d 928, 930

(1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

*Garcia v. Savage*, 402 Pa.Super. 324, 328, 586 A.2d 1375, 1377 (1991) (citing *Laventhol & Horwath v. Dependable Insurance Associates, Inc.*, 396 Pa.Super. 553, 579 A.2d 388, 390 (1990)). We will overturn a trial court's entry of summary judgment only if there has been an error of law or clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988). With these principles in mind, we proceed to examine whether summary judgment was properly granted.

## A.

As a general rule, while an employer may be held responsible for negligent acts of its servants/employees, it will not be held liable for harm caused by acts of independent contractors. *See Ortiz v. Ra-el Development Corp.*, 365 Pa.Super. 48, 52, 528 A.2d 1355, 1357 (1987), *appeal denied*, 517 Pa. 608, 536 A.2d 1332 (1987). Thus, we must first determine whether Cybularz was a servant or an independent contractor of PNI. The test for determining whether one is a servant or an independent contractor is well-established:

> The characteristic of the former relationship is that the master not only controls the result of the work but has the right to direct the way in which it shall be done, whereas the characteristic of the latter is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.... "Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor.... It is not ... the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor...."

*Moon Area School Dist. v. Garzony*, 522 Pa. 178, 190, 560 A.2d 1361, 1367 (1989) (citations omitted). "It is the exclu-

sive function of the jury to determine, from the evidence, the precise nature of the relationship, except where the facts are not in dispute, in which latter event the question becomes one for determination by the court." *Melmed v. Motts*, 341 Pa.Super. 427, 430–31, 491 A.2d 892, 893 (1985) (citations omitted).

Applying the above test to the matter before us, we conclude as a matter of law that Cybularz was an independent contractor of PNI. During his deposition, Cybularz testified that in 1979 he purchased a newspaper delivery route which delivered various newspapers including Barrons, The Wall Street Journal, The New York Times, The Philadelphia Bulletin, and The Philadelphia Inquirer. Deposition of Paul Cybularz, November 30, 1990, at 29. He testified that on the date of the accident, approximately one-half of the five hundred newspapers he delivered were The Philadelphia Inquirer. *Id.* at 47. He would purchase newspapers wholesale from each company and then deliver them to his customers according to their orders. With respect to the Inquirer, the publisher would drop off newspapers at a garage where Cybularz would pick them up. *Id.* at 49. Cybularz derived his income from the difference between the wholesale cost and the delivery charge. He collected money from the customers directly and then paid PNI for the papers that were delivered to him. *Id.* at 74. He never received payments from PNI and was not required to sell subscriptions to the Inquirer. *Id.*

Cybularz merely had an account with PNI under which PNI would supply him with the newspapers. In return, he was required to maintain records of his customers' names and addresses which he would provide to PNI once or twice a year. *Id.* at 80–81. When obtaining new customers, he would distribute cards indicating the newspapers that he delivered and the rate. He was not required to obtain PNI's approval for new clients. *Id.* at 89. In fact, he testified that PNI had no control over how he conducted his business. *Id.* at 95.

There was no written agreement between Cybularz and PNI, nor did Cybularz ever complete an employment application for PNI. *Id.* Cybularz set his own hours, working from five o'clock to eight o'clock in the morning. *Id.* at 69. Cybularz was also responsible for all business-related expenses, including maintenance of his automobile, fuel expenses, and benefits for those who worked for him, and all expenses for the maintenance of the delivery vehicle. Moreover, PNI provided no insurance benefits or vacation time, and did not reimburse him for any expenses. *Id.* at 79.

Appellant argues that deposition testimony indicates that Cybularz was interviewed and approved for his position by a PNI district manager who testified that Cybularz "worked under" him, that Cybularz was not permitted to deliver The Inquirer at the same time as another newspaper, and that "Cybularz would lose his Inquirer route and be replaced by another carrier if he did not deliver the newspaper in the manner specified by PNI" to suggest that a jury could conclude that Cybularz was an agent of PNI. Appellant's Brief at 8. However, the testimony upon which appellant relies does not compel the conclusion that Cybularz was an employee of PNI. Rather, the testimony indicated that the only restrictions placed upon Cybularz and other adult carriers were the following:

> Prompt, courteous service; payment of the bill for papers given to the carrier by the 5th of each month for the preceding month; papers to be delivered on a daily basis no later than 6:30 a.m. in the morning and 8 o'clock on Sunday morning.

Deposition Testimony of John J. Shirley, February 26, 1991, at 17. Cybularz' testimony does not contradict this. *See* Deposition Testimony of P. Cybularz, November 30, 1990, at 66. In light of all of the above testimony, we find that PNI had limited authority to interfere with or control the manner in which Cybularz conducted his business. Accordingly, we find no issue of material fact regarding whether Cybularz was an independent contractor and therefore conclude

that the trial court correctly granted summary judgment in favor of PNI on the issue of vicarious liability.[1]

## B.

■ We must now determine whether summary judgment in favor of PNI regarding the issue of PNI's negligent hiring of Cybularz was proper. In his complaint against PNI, Appellant Lutz alleges that

19. The accident as aforesaid was caused solely by the negligence and carelessness of defendant, Paul Cybularz, who was acting as the agent, servant, workman and/or employee of defendant, The Philadelphia Inquirer, which negligence and carelessness consisted of the following:

(a) permitting an inexperienced, careless and negligent driver to operate said vehicle;

(b) permitting an individual with physical disabilities to operate said vehicle;

(c) being otherwise negligent and careless under the circumstances.

Complaint at 6.

Although neither the parties nor the trial court phrase it as such, we read this allegation of negligence as a claim arising under § 411 of the Restatement of Torts.[2] There is little case law on point in this jurisdiction, so we must look to the Restatement as well as the law of other jurisdictions.

1. Appellant does not challenge the trial court's granting summary judgment solely on the basis of the oral testimony of PNI's witnesses. *See Nanty–Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932). Rather, appellant insists that a material issue of fact exists based upon the interpretation of that testimony.

2. **§ 411. Negligence in Selection of Contractor**
   An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
   (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
   (b) to perform any duty which the employer owes to third persons.

■ Comment C to § 411 points to three important factors in determining the degree of care required of the employer of an independent contractor:

(1) the danger to which others will be exposed if the contractor's work is not properly done; (2) the character of the work to be done—whether the work lies within the competence of the average man or is work which can be properly done only by persons possessing special skill and training; and (3) the existence of a relation between the parties which imposes upon the one a peculiar duty of protecting the other.

Applying these factors to the matter before us, it is clear that there is only a minimal degree of care required of PNI. First, the foreseeable danger resulting from improperly delivered newspapers is significantly less than, for example, that of an improperly constructed building or machinery. The risk associated with delivering newspapers is unlikely to result in serious physical harm or property damage.

As to the second factor, the present matter is unlike the situation where the work to be done is extremely dangerous unless properly done and which requires peculiar skill for successful accomplishment. One who provides newspapers to another for resale and delivery is entitled to assume that the latter has a reliable method of delivering those newspapers, whether it be a bicycle or insured automobile. *See* Comment C to Restatement 2d Torts.

Regarding the third factor, the Restatement points to two relationships, master-servant and common carrier-innkeeper, as examples of situations in which a special duty arises. In contrast to those situations, there is no connection here between PNI and appellant which would impose a duty on PNI to protect appellant. The relationship between PNI and appellant is too tenuous because it was not foreseeable that appellant's automobile would be the one struck by Cybularz.

By contrast, in *Wilk v. Haus*, 313 Pa.Super. 479, 460 A.2d 288 (1983), this court reversed an order granting summary judgment in favor of defendant, a building owner who hired

a remodeling contractor, in an action resulting from the death of the contractor's employee when scaffolding collapsed. The court reasoned that issues of material fact existed as to whether the owner who was a named party in the remodeling agreement was negligent in the selection, control, and supervision of the contractor. The instant case is distinguishable from the facts of *Wilk*. First, *Wilk* involved construction, work which poses a much greater risk of injury than than that posed by newspaper delivery. Moreover, here there was no written agreement between PNI and Cybularz, and their relationship was, at most, an informal one.

We find the present case to be analogous to *Webb v. Justice Life Ins. Co.*, 563 S.W.2d 347, 349 (1978). In *Webb*, plaintiff sued two life insurance companies for the death of her husband, allegedly caused by the negligent driving of the defendants' soliciting agent. Defendants were granted summary judgment on the ground that the soliciting agent was an independent contractor. Plaintiff appealed, contending, *inter alia*, that the defendants were negligent in failing to discover that the agent was an incompetent or careless driver. The court of appeals affirmed. The court held that defendants could not be held liable for negligence in selection of an incompetent independent contractor where the agent was not employed to do any work which would involve risk of physical harm, where he was not employed to perform any duty that defendants owed to third persons, and where his choice of transportation was his own. The court noted that the defendants would only have been required to investigate the agent's competency to drive if the performance of the agent had included driving.

Here, as in *Webb*, Cybularz's performance did not require the use of an automobile and the choice of transportation was his own. Accordingly, PNI owed no duty to appellant to inquire into Cybularz's competency to drive. Therefore, the trial court properly granted summary judgment in favor of PNI.

Order affirmed.