Opinion filed October 13, 2005

 

 




 
 
  
 
 




 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                               No. 11-04-00042-CV 

 

                                                    __________

 

                                  PERRY JEFFERY ET AL, Appellant

 

                                                             V.

 

                      ROBERTSON
SALES & SERVICE, INC., Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Gaines
County, Texas

 

                                              Trial
Court Cause No. 01-05-14228

 



 

                                                                   O
P I N I O N

 








This is an appeal from a take-nothing summary
judgment.  The lawsuit stems from a
one-vehicle wreck involving four people who demonstrated and sold Kirby vacuum
cleaners door-to-door and were on their way back from a sales trip.  Two of the passengers died as a result of the
accident. Perry Jeffery (the surviving passenger) filed suit against Robertson
Sales & Service, Inc.; the Scott Fetzer Company d/b/a the Kirby Company;
Samantha Sanchez Ramos (the driver); and Ford Motor Company.  Survivors of the two deceased passengers
subsequently intervened, asserting claims similar to those of Jeffery.  The intervenors were Frankie Silvas; Gloria
Vasquez, individually and as next friend of Sonny Silvas, deceased; Natalie
Silvas, individually and as representative of the Estate of Sonny Munoz Silvas,
deceased, and as next friend of Nia A. Silvas, a minor child; and Jesus
Gonzales and Tracy Gonzales, individually and as representatives of the Estate
of Chella French Gonzales, deceased. 
Ramos and Ford settled with the parties after Robertson and Fetzer
obtained take-nothing summary judgments. 
Jeffery and the intervenors appeal, complaining only of the summary
judgment in favor of Robertson.  We
affirm. 

Appellants present one issue on appeal.  In that issue, they argue that the trial
court erred in granting summary judgment because Robertson=s motion for summary judgment was
defective with respect to the no-evidence grounds and because appellants
provided more than a scintilla of evidence regarding duty and control.  Robertson filed a motion for summary judgment
arguing both traditional and no-evidence grounds. 

We will apply the well-recognized standards of
review for summary judgment.  We must
review a no‑evidence summary judgment under the same standard as a
directed verdict.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 750‑51 (Tex.2003), cert. den=d, 541 U.S. 1030 (2004).  Accordingly, we examine the record in the
light most favorable to the nonmovant and disregard all contrary evidence and
inferences.  King Ranch, Inc. v.
Chapman, supra; Wal‑Mart Stores, Inc. v. Rodriguez, 92 S.W.3d
502, 506 (Tex.2002).  A trial court must
grant a proper no-evidence motion for summary judgment unless the nonmovant
produces more than a scintilla of probative evidence to raise a genuine issue
of material fact.  TEX.R.CIV.P. 166a(i); Wal‑Mart
Stores, Inc. v. Rodriguez, supra. 








With respect to a traditional motion, a trial
court must grant a traditional motion for summary judgment if the moving party
establishes that no genuine issue of material fact exists and that he is
entitled to judgment as a matter of law. 
TEX.R.CIV.P. 166a(c);  Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  Once the movant establishes a right to a
summary judgment, the nonmovant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678‑79
(Tex.1979).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the
nonmovant.  American Tobacco Company,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Nixon v. Mr. Property
Management Company, Inc., 690 S.W.2d 546, 548‑49 (Tex.1985).  

In their petitions, appellants pleaded both
vicarious liability and negligence causes of action against Robertson.  Specifically, they alleged that Robertson was
responsible for the actions of Ramos, the driver of the car, because she was an
employee acting within the scope of her employment with Robertson.  They also alleged that Robertson was
negligent in failing to investigate Ramos=s
driving record, in allowing an unsafe driver to transport people selling its
product, in promoting unsafe business methods such as long work hours and night
travel, in failing to keep a proper lookout, and in failing to warn.  

Robertson moved for summary judgment on the bases
that there was no evidence of the following: 
that Ramos was employed by Robertson; that Robertson owed a duty to the
occupants of the car; or that Robertson had any control over the
occupants/independent contractors. 
Robertson also asserted that there was no genuine issue of material fact
regarding Ramos=s status
as an independent contractor and that, as a matter of law, Robertson was not
negligent because it retained no control over the details of the work and,
thus, owed no duty.  The trial court
granted the motion without specifying the grounds therefor.  Consequently, we must uphold the summary
judgment if any of the grounds advanced by Robertson were meritorious.  Dow Chemical Company v. Francis, 46
S.W.3d 237, 242 (Tex.2001); Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989).  

First, we find that, under Rule 166a(i), Robertson=s motion adequately asserted the
no-evidence grounds relied upon by Robertson. 
See Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 622-23
(Tex.App. - Eastland 2000, pet=n
den=d). 
Second, appellants admitted in their response to the motion for summary
judgment that all four people in the car driven by Ramos were independent
contractors and were not employees of Robertson.  Based upon appellants=
admission of Ramos=s status
as an independent contractor, summary judgment was proper on the vicarious
liability cause of action because there was no evidence that Ramos was an
employee of Robertson.  Third, the only
remaining issue in this appeal is whether appellants brought forth any evidence
that Robertson owed a duty to Jeffery and the decedents or whether Robertson
proved as a matter of law that it owed no duty. 









In their response to the motion for summary
judgment, appellants asserted that summary judgment was not appropriate because
Robertson exercised control over Ramos by controlling the details of her work
and because Robertson was negligent in hiring, supervising, and retaining
Ramos.  Appellants asserted that
Robertson had a duty to investigate Ramos=s
driving history and that Robertson allowed the others to ride with Ramos even
after learning of her bad driving habits. 


The general rule is that an employer of an
independent contractor does not have a duty to see to it that the independent
contractor performs its work in a safe manner.  Abalos v. Oil Development Company of Texas,
544 S.W.2d 627 (Tex.1976); Howarton v. Minnesota Mining and Manufacturing,
Inc., 133 S.W.3d 820, 824 (Tex.App. - Eastland 2004, no pet=n). 
However, if the employer retains some control over the manner in which
the work is done, a duty may arise as a result of that control.  Hoechst‑Celanese Corporation v.
Mendez, 967 S.W.2d 354 (Tex.1998). 
The control may be either actual or contractual.  Elliott‑Williams Co., Inc. v. Diaz,
9 S.W.3d 801 (Tex.1999).  An employer who
retains control over an independent contractor may be liable if the employer
does not exercise reasonable care in supervising the independent contractor=s activity.  Elliott‑Williams Co., Inc. v. Diaz,
supra; Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex.1985). 








The summary judgment evidence in this case shows
that Ramos and the occupants of her car had signed Kirby Independent Dealer
Agreements with Robertson to conduct in-home demonstrations of Kirby vacuum
cleaners and accessories as independent contractors.  Ramos=s
testimony shows that her job was just to demonstrate the machines.  Robertson owned the vacuums and paid Ramos a
commission for each sale.  A team of
other dealers typically went with her; and, based upon a pyramid-type scheme,
she made a commission from their sales too. 
Although Robertson sometimes set appointments or suggested a good time
for registering potential customers, it was not mandatory for Ramos or the
other dealers to go to these appointments or to follow Robertson=s suggestions.  Ramos could pick and choose her crew of
dealers from a training class. Ramos=s
crew typically met at Robertson=s
office and rode with Ramos.  Ramos worked
whenever she wanted and wherever she wanted within Robertson=s distributorship area.  Ramos provided her own car and chose where to
go and what routes to drive.  She was not
reimbursed for mileage, insurance, repairs, or gasoline.  On the day of the accident, Ramos had driven
her crew to Hobbs, New Mexico, to sell vacuum cleaners.  They were on their way back home at the time
of the accident.  

The summary judgment evidence shows that Ramos had
a valid driver=s license
but that she had had five tickets for speeding or driving at an unsafe speed
during the two-and-a-half year period prior to the accident.  According to Ramos, Robertson asked for her
driver=s license
upon hiring her, but it did not inquire about her driving record.  Ramos stated that Robertson advanced her
money to help her get out of jail on one occasion when she was arrested for
failing to appear in a traffic ticket case. 
No evidence showed, however, that Robertson was aware of Ramos=s driving infractions.  

Although Robertson=s
owner testified that he exerted no control over the day-to-day activities of
the dealers, Jeffery=s
testimony indicated that Robertson Asent
[the dealers] with@ dealer
counselors, such as Ramos, and that Robertson would not release the vacuum
cleaners to Jeffery. The vacuums were released to Ramos.  

In their response to the motion for summary
judgment, appellants relied only upon Robertson=s
alleged exercise of control over Ramos to support their contention that
Robertson owed a duty in this case.[1]  In support of their response, however,
appellants presented no more than a scintilla of evidence that Robertson
exercised any control over Ramos other than a requirement that the vacuum
cleaner demonstrations be conducted in potential customers= homes. 
See Read v. Scott Fetzer Company, 990 S.W.2d 732 (Tex.1998).  








In Read, the supreme court held that the
manufacturer of Kirby vacuum cleaners, a general contractor, exercised control
over the independent contractors selling Kirby products because the
manufacturer required that the independent contractors conduct in-home demonstrations.  Read v. Scott Fetzer Company, supra.  The manufacturer owed a duty to act
reasonably in exercising the control that it retained.  Read v. Scott Fetzer Company, supra.  The court upheld a judgment against the
manufacturer after a Kirby dealer with a history of sexual improprieties raped
a woman in her home during an in-home demonstration of a Kirby vacuum
cleaner.  Read v. Scott Fetzer
Company, supra. 

In this case, as in Read, the requirement
that sales demonstrations be conducted in customers=
homes shows control over one aspect of the relationship between Robertson and
the independent contractors.  However,
the exercise of that control does not warrant a finding that any control was
retained over Ramos=s driving
or that Robertson had a duty to investigate her driving record.  See Webb v. Justice Life Insurance Company,
563 S.W.2d 347 (Tex.Civ.App. - Dallas 1978, no writ); see also Victoria
Electric Cooperative, Inc. v. Williams, 100 S.W.3d 323, 326-29 (Tex.App. -
San Antonio 2002, pet=n
den=d);  Moore v. Roberts, 93 S.W.2d 236
(Tex.Civ.App. - Texarkana 1936, writ ref=d).  Driving was not included in the performance
of Ramos=s
contract, and the manner of transportation was her own choice.  See Webb v. Justice Life Insurance
Company, supra.  After viewing the
summary judgment evidence in the light most favorable to appellants and
disregarding all contrary evidence and inferences, we find that there is no
summary judgment evidence indicating that Robertson had any contractual or
actual control over Ramos, a dealer counselor, that would create a duty with
respect to her driving.  Consequently, we
hold that the trial court did not err in granting Robertson=s motion for no-evidence summary
judgment.[2]  Appellants=
sole issue is overruled.  

The judgment of the trial court is affirmed.  

 

TERRY McCALL

JUSTICE 

 

October 13, 2005

Panel consists of: Wright, C.J., and McCall, J. 

Strange, J., not participating.











[1]We note that appellants produced some evidence showing
that Robertson exercised control over dealers like Jeffery.  However, appellants did not rely on any
retained control over the dealers like Jeffery (as opposed to the dealer
counselors like Ramos) in their response to the motion for summary
judgment.  Consequently, we cannot
consider any such contention on appeal.  McConnell
v. Southside Independent School District, 858 S.W.2d 337 (Tex.1993).  We also note that the evidence showing
extensive control over the dealers could tend to show that these dealers were
actually employees rather than independent contractors.  





[2]Because we uphold the no-evidence summary judgment, we
need not address the issue as it relates to a traditional summary
judgment.  TEX.R.APP.P. 47.1.