NO. 07-05-0280-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 17, 2006

_____

ROSA MIRELES, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF RAUL MIRELES, JR.,
DECEASED MINOR AND RAMON LANDEROS, APPELLANTS

V.

JEFF ASHLEY, INDIVIDUALLY AND
ASHLEY CATTLE COMPANY, INC., APPELLEES
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI-04E-091; HONORABLE ROLAND SAUL, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**OPINION**

Appellants, Rosa Mireles and Ramon Landeros (collectively, "Mireles"), appeal the trial court's grant of a no-evidence summary judgment in favor of appellees, Jeff Ashley and Ashley Cattle Company, Inc. (collectively, "Ashley"), on Mireles's claim that Ashley was negligent in hiring Jimmy West. We reverse and remand.

Background

On March 17, 2004, West, hauling cattle for Ashley, ran a red light and collided with a vehicle containing Landeros and Raul Mireles, Jr. As a result of the collision, Raul Mireles was killed and Landeros sustained serious injuries.

Mireles filed suit against West for negligence, Ashley for negligent hiring, and West, Ashley and Southwest Feedyard, L.P., for liability as joint enterprisers. After discovery, Ashley filed a motion for summary judgment alleging that Mireles had no evidence that: (1) Ashley knew or should have known of any reason not to hire West, (2) any inquiry would have resulted in the conclusion that West was a negligent contractor, and (3) Ashley and West had formed a joint enterprise. Mireles filed a response to Ashley's summary judgment motion, which included excerpts of West's deposition, an affidavit of David Dwinell, the results of an investigation into West's driving record, and statements made to the police immediately following the collision.[1] The trial court granted Ashley's motion for summary judgment and entered judgment that Mireles take nothing by their suit against Ashley. Following entry of this summary judgment, the trial court severed Mireles's claims against Ashley, and Mireles appealed.

By one issue, Mireles contends that the evidence provided in response to Ashley's summary judgment motion was sufficient to overcome a no-evidence motion because such evidence demonstrated that (1) Ashley had a duty to, but did not, inquire into West's

---

[1]Mireles's response does not purport to address the issue of West, Ashley, and Southwest Feedyard's liability as joint venturers and the evidence presented does not address this issue.

background, and (2) had such an inquiry been made, Ashley would have discovered that West was not qualified for the job.

Standard of Review

After adequate time for discovery, a party may move for a summary judgment on the basis that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements for which there is no evidence. Id.

On appeal from the granting of a no-evidence summary judgment, we review any evidence produced by the non-movant in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. See Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based. Id. More than a scintilla of evidence exists when such evidence rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions. Id. Less than a scintilla of evidence exists to support a fact when the evidence is so weak as to do no more than create a mere surmise or suspicion of the fact. See Havner, 953 S.W.2d at 711; Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). If the trial court does not specify the basis on which it granted summary judgment, the judgment will be affirmed if

3

any of the grounds in the motion are meritorious.  State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380-81 (Tex. 1993).

## Negligent Hiring

Texas recognizes a cause of action for negligently hiring an independent contractor. Wasson v. Stracener, 786 S.W.2d 414, 422 (Tex.App.–Texarkana 1990, writ denied). One hiring an independent contractor may be held responsible for the contractor's negligent acts if (1) the employer knew or should have known that the contractor was incompetent and (2) a third person was injured because of the contractor's incompetence.  Id.  A person employing an independent contractor is required to use ordinary care in hiring the contractor.   See King v. Assocs. Commercial Corp., 744 S.W.2d 209, 213 (Tex.App.–Texarkana 1987, writ denied); Jones v. Sw. Newspapers Corp., 694 S.W.2d 455, 458 (Tex.App.–Amarillo 1985, no writ).  If the performance of the contract requires driving a vehicle, the person employing the independent contractor is required to investigate the independent contractor's competency to drive.  See Wasson, 786 S.W.2d at 422; Webb v. Justice Life Ins. Co., 563 S.W.2d 347, 349 (Tex.App.–Dallas 1978, no writ).

To prevail on her claim for negligent hiring, Mireles will have to prove that West's incompetence was the reason that Landeros was killed and Raul Mireles was injured, the second element of a claim of negligent hiring.  However, at the outset, we note that Ashley's motion for summary judgment does not expressly challenge this element of Mireles's cause of action.  A motion for no evidence summary judgment must state the

4

elements as to which there is no evidence. TEX. R. CIV. P. 166a(i). A no evidence motion for summary judgment that is not specific in challenging a particular element is legally insufficient as a matter of law to support a summary judgment on that basis. See Callaghan Ranch, Ltd. v. Killam, 53 S.W.3d 1, 3 (Tex.App.–San Antonio 2000, pet. denied). Therefore, the trial court could not have properly based its grant of summary judgment in favor of Ashley on any deficiency in Mireles's evidence relating to this element of her claim.

Mireles contends that she presented more than a scintilla of evidence to raise a genuine fact issue regarding whether Ashley knew or should have known that West was incompetent. Mireles offered excerpts of West's deposition, in which West testified that, prior to being hired by Ashley, Ashley did not request a copy of West's commercial driver's license, Ashley did not ask him about his driving history, and he was unaware of whether Ashley performed any background check on him. As the job that was subject to Ashley and West's contract necessarily required West to drive, Ashley had an affirmative duty to inquire into West's competency to drive. See Wasson, 786 S.W.2d at 422; Webb, 563 S.W.2d at 349. We conclude that, when viewed in the light most favorable to Mireles, West's deposition testimony constitutes more than a scintilla of evidence that Ashley did not inquire into West's competency to drive.[2]

---

[2]As Mireles presented more than a scintilla of evidence that Ashley conducted no inquiry into West's driving history, we need not and do not address what amount of inquiry is necessary to constitute the exercise of due care. See King, 744 S.W.2d at 213.

Ashley contends that it had to have actual knowledge of West's incompetency to drive before it would be held to a duty to inquire into his driving history. We disagree. Initially, we note that Ashley's interpretation of the "knew or should have known" standard would render the "should have known" portion meaningless because a person hiring an independent contractor would only be liable for negligent hiring if they actually knew of the contractor's incompetence. Further, Wasson and Webb place a duty on all persons hiring an independent contractor to perform work that requires the contractor to drive to inquire into the contractor's competency to drive. See Wasson, 786 S.W.2d at 422; Webb, 563 S.W.2d at 349. As a result, Ashley "should have known" of any incidents in West's driving history that would have been discovered had Ashley inquired into West's competency to drive.

However, Ashley could not know that West was an incompetent driver unless West was, in fact, an incompetent driver. See Wasson, 786 S.W.2d at 422. Therefore, Mireles was further required to present more than a scintilla of evidence that West was an incompetent driver. Mireles provided, as summary judgment evidence, an affidavit and report from Fred Svidlow identifying the results of his search of public records relating to West's driving history and copies of four Department of Public Safety reports of West's citations for violations of traffic laws and commercial transport regulations. In his affidavit, Svidlow identifies eight citations issued to West over a five and a half year period.[3] Of

---

[3]Svidlow also identifies a ninth citation that was issued to West as a result of the accident upon which this suit is based. However, we will not consider this citation in assessing whether West was an incompetent driver because the citation was not issued until after West had been hired by Ashley and, therefore, would be no evidence of whether Ashley "knew or should have known" that West was an incompetent driver.

6

these eight citations, five were for speeding and another was for operating an unsafe vehicle on the roadways. While the jurisprudence on negligent hiring speaks in terms of competence, a person may be incompetent by reason of his recklessness. See Broesche v. Bullock, 427 S.W.2d 89, 93 (Tex.Civ.App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.).[4] Proof of one previous traffic violation is grossly inadequate to establish a driver's incompetency or recklessness. Id. However, proof of seven citations for moving traffic violations in the span of three years is some evidence that a driver is reckless and incompetent. Id. We conclude that Mireles's proof that West had received eight citations over five and half years is more than a scintilla of evidence that West was an incompetent and reckless driver.

Conclusion

Having found that Mireles presented more than a scintilla of evidence as to each element of her claim for negligent hiring challenged by Ashley, we reverse the trial court's summary judgment and remand this case for further proceedings.

Mackey K. Hancock
Justice

---

[4]As we have found no negligent hiring cases that specify when an independent contractor's negative driving history constitutes some evidence of incompetence, we are guided by the Broesche court's discussion of incompetence and recklessness in negligent entrustment cases.

7